UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR NATIVE ECOSYSTEMS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GALE NORTON, ) <br> ) <br> Defendant. ) <br> ) | Civil No. 05-1336 (RCL) |

**STIPULATED SETTLEMENT AGREEMENT**

Plaintiffs, Center for Native Ecosystems, Forest Guardians, and Utah Native Plant Society ("Plaintiffs") and Defendant, Gale Norton, Secretary of the Interior ("Service"), by and through their undersigned counsel, state as follows:

WHEREAS, the Service, pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq., published a final rule listing the Deseret milk-vetch (*Astragalus desereticus*) as an threatened species on October 20, 1999. 64 Fed. Reg. 56,590.

WHEREAS, in the above final rule, the Service found that designating critical habitat for the Deseret milk-vetch was "not prudent." 64 Fed. Reg. 56,594.

WHEREAS, on July 5, 2005, Plaintiffs filed a Complaint for declaratory and injunctive relief, pursuant to the ESA, 16 U.S.C. § 1531 et seq. The Complaint challenged the Defendant's determination that it was "not prudent" to designate critical habitat for the Deseret milk-vetch.

WHEREAS, Plaintiffs and Defendant, through their authorized representatives and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint.

WHEREAS, Plaintiffs and Defendant agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.  The Service shall submit for publication in the <u>Federal Register</u> a new critical habitat determination made pursuant to ESA § 4(a)(3), 16 U.S.C. § 1533(a)(3) for the Deseret milk-vetch by January 19, 2007. This determination will supersede the October 20, 1999, "not prudent" determination.

2.  If the new determination made pursuant to Paragraph 1 is that the designation of critical habitat is prudent and that critical habitat is determinable, the Service shall also submit for publication in the <u>Federal Register</u> a proposed critical habitat rule for the Deseret milk-vetch by January 19, 2007.

3.  If the Service issues a proposed critical habitat rule pursuant to Paragraph 2, the Service shall submit for publication in the <u>Federal Register</u> a final decision on the proposed critical habitat rule for the Deseret milk-vetch by January 18, 2008.

4.  If the Service finds that it would not be prudent to designate critical habitat for the Deseret milk-vetch, the Service shall simultaneously include an explanation of this determination in the <u>Federal Register</u> notice referenced in Paragraph 1 consistent with the requirements of the Administrative Procedure Act ("APA") and the ESA.

5.  Either party may seek to modify the deadline for any actions specified in Paragraphs 1, 2, 3, or 4 for good cause shown consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to

comply with any term or condition of this Settlement Agreement ("Agreement"), the parties shall use the dispute resolution procedures specified in Paragraph 6.

6.   The Order entering this Agreement may be modified by the Court upon good cause shown by written stipulation between the parties, filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraphs 1, 2, 3, or 4, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with written notice of the claim.  The parties agree that they will meet and confer (in-person not required) at the earliest possible time after receipt of the written notice in a good-faith effort to resolve the claim before bringing any matter to the Court.

7.   No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for making a critical habitat determination or designating critical habitat in any other proceeding regarding the Service's implementation of the ESA.

8.   Defendant agrees that for the purpose of an award of costs and attorneys' fees, Plaintiffs are the "prevailing party" in this action, and Defendant agrees to pay Plaintiffs their costs of litigation, including reasonable attorneys' fees, pursuant to Section 11(g)(4) of the ESA, 16 U.S.C. § 1540(g)(4).  Therefore, Defendant agrees to settle Plaintiffs' claim for litigation costs by paying Plaintiff a total of $10,500.  A check will be made payable in that amount to Plaintiffs undersigned counsel, Robert Ukeiley, P.S.C., and mailed to Robert Ukeiley at the address below.

9. Defendant agrees to submit all paperwork necessary for payment of litigation costs to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the signed Court order approving this stipulation.

10. Plaintiffs agree to accept the payment referenced in Paragraph 8 in full satisfaction of any and all claims for litigation costs to which Plaintiffs are entitled in this case, through and including the date of this agreement, and agree that receipt of this payment from the Government shall operate as a release of its claim for litigation costs in this matter, through and including the date of this Agreement.

11. Plaintiffs reserve the right to seek additional litigation costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraphs 1, 2, 3, or 4, or for any other unforeseen continuation of this action.

12. By this Agreement, Defendant does not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation, or continuation of the present action. Further, this stipulation as to litigation costs has no precedential value and shall not be used as evidence in any other litigation.

13. Subject to the qualifications in Paragraph 14, no provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the Secretary of the Interior take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Secretary of the Interior by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in developing the critical habitat

determinations and designations required herein, or as to the substance of the determinations and designations.

14.  Defendant asserts that no provision of this Agreement shall be interpreted as a commitment or requirement that Defendant is obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.  In response, Plaintiffs assert that this Agreement could not create a conflict with the Anti-Deficiency Act because the duty to designate critical habitat is required in non-discretionary terms by the ESA.  Plaintiffs intend to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations.  The Secretary of the Interior reserves all legal and equitable defenses to such an argument.

15.  The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties.  By entering into this Agreement, the parties do not waive any claim or defense in this or any other case.

16.  The undersigned representatives of each party certify that they are fully authorized by the party they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

17.  The terms of this Agreement shall become effective upon entry of an order by the Court ratifying this Agreement.

18.  Upon approval of this Agreement by the Court, the First Claim for Relief in Plaintiffs' Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2).

19. Upon approval of this Agreement by the Court, and in consideration of Defendant's recent letter to Plaintiffs regarding ongoing work in developing and implementing a recovery plan for the Deseret milk-vetch, the Second Claim for Relief in Plaintiffs' Complaint shall be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), with parties to bear their own costs and attorneys' fees for this claim.

20. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994).

Dated this 10th day of November, 2005.    Respectfully submitted,

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment & Natural Resources Division
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief
Wildlife & Marine Resources Section


 /s/ Meredith L. Flax
MEREDITH L. FLAX, Trial Attorney (DC 468016)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Tel: (202) 305-0404
Fax: (202) 305-0275
Meredith.Flax@usdoj.gov

Attorneys for Federal Defendant


/s/ Robert Ukeiley
Robert Ukeiley (MD #14062)
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY 40403

Tel: (859) 986-5402
Fax: (859) 986-1299
rukeiley@igc.org

Attorney for Plaintiffs